IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES NORMAN GAILEY, ) <br> ) <br> and ) <br> ) <br> J. DAVID GRANBERRY, in his capacity as ) <br> REGISTER OF DEEDS for Mecklenburg ) <br> County, North Carolina, ) <br> ) <br> Defendants. ) | Civil No. _____ |

## COMPLAINT

The United States of America, for its complaint, alleges as follows:

1. The United States brings this action to obtain a judicial declaration that the "Notice and Demand" ("filed document") filed by Defendant, James Norman Gailey, with the Mecklenburg County Register of Deeds on or about October 6, 2005, is null, void and without legal effect, and to enjoin Defendant Gailey from all future filings of similar instruments.

2. Jurisdiction exists pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this judicial district.

4. Plaintiff is the United States of America.

5. Defendant, James Norman Gailey, is a natural person who upon information and belief currently resides in Johnson City, Tennessee.

6. J. David Granberry is currently the elected Register of Deeds for Mecklenburg County, North Carolina, and maintains his principal place of business in Mecklenburg County, North Carolina, within the Western District of North Carolina. His office has official custody of the filed document. Mr. Granberry is sued solely in his official capacity for the purpose of obtaining the requested relief of expunging the filed document from the public record, and no damages, costs, or fees are being sought against him by this action.

7. On or about October 6, 2005, Defendant Gailey caused to be filed in the public records of the Mecklenburg County Register of Deeds a "Notice and Demand." A true and correct copy of the "Notice and Demand" is attached as Exhibit 1.

8. The "Notice and Demand" was filed by Defendant Gailey after the Internal Revenue Service initiated administrative action to disbar him from any further practice before the Internal Revenue Service pursuant to Department of the Treasury Circular 230.

9. The "Notice and Demand" names Cono R. Namorato, Director of the Office of Professional Responsibility, Robert M. Finer, Senior Counsel, Office of Chief Counsel, Internal Revenue Service, and Mark W. Everson, Commissioner of the Internal Revenue Service.

10. The "Notice and Demand" states that in order for Namarato, Finer and

Everson to assert authority over Defendant Gailey, they must provide Gailey with a "written copy of such authority." The "Notice and Demand" states that if they do not provide such documentation, then the parties shall have no authority over Defendant Gailey. The "Notice and Demand" also demands that Namarato, Finer and Everson provide Defendant Gailey with copies of their "license" to practice law.

11. The "Notice of Demand" filed by Defendant Gailey, which purports to create a contract affirming that everything stated within the document is true, lacks any legal basis whatsoever.

12. The "Notice and Demand" imposes an injury upon the United States by impeding, obstructing and impairing the execution of the official duties of its employees and officers.

13. The public interest will be served by an order declaring the "Notice and Demand" to be null and void, and permanently enjoining Defendant Gailey, and all those in active concert or participation with Gailey, from filing, or attempting to file, any "Notice and Demand," or other document, which serves to interfere with the administration and enforcement of the Internal Revenue Service laws.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff, the United States of America, prays this Court to:

A. Determine, adjudge and declare that the "Notice and Demand" filed by Defendant James Norman Gailey to be null, void and of no legal effect;

B. Permit this Court's judgment to be recorded with the Mecklenburg County Register of Deeds and also in the public records of any other jurisdiction where similar instruments may have been filed by Defendant James Norman Gailey;

C. Direct Defendant J. David Granberry, in his capacity as Mecklenburg County Register of Deeds, to expunge or otherwise mark as "null and void by court order" all the filed documents and any related documents from the records maintained in the office of the Mecklenburg County Register of Deeds, including without limitation those documents filed at Book 19454, pages 302 through 304, a copy of which is attached to this Complaint as Exhibit A;

D. That this Court permanently enjoin Defendant James Norman Gailey from filing any "Notice and Demand," or any other document, which serves to interfere with the administration and enforcement of the Internal Revenue Service laws;

E. That the costs incurred by the United States in the commencement and prosecution of this action, including reasonable attorney's fees, be assessed against Defendant James Norman Gailey; and

F. Grant such other and further relief as the Court deems to be just and proper.

DATE: September 13, 2010.

        ANNE TOMPKINS
        United States Attorney

        JOHN A. DICICCO
        Acting Assistant Attorney General
        Tax Division
        U.S. Department of Justice

        <u>/s/ Thomas J. Jaworski</u>
        THOMAS J. JAWORSKI
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, DC 20044
        Telephone: (202) 307-6390
        Facsimile:   (202) 514-6866
        Thomas.J.Jaworski@usdoj.gov

        SID ALEXANDER
        Assistant United States Attorney